**Ernest BROWN, Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

**No. 01–1481.**

United States Court of Appeals,
Sixth Circuit.

Sept. 21, 2001.

Before KENNEDY, RALPH B. GUY, JR., and BOGGS, Circuit Judges.

Pro se federal prisoner Ernest Brown appeals a district court order that denied his 28 U.S.C. § 2255 motion. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Brown pleaded guilty to a charge of distribution of cocaine base. In a judgment entered on June 2, 1998, the district court sentenced Brown to 108 months of imprisonment to be followed by four years of supervised release. Brown did not take a direct appeal.

On October 27, 1999, Brown filed the instant § 2255 motion, claiming: (1) that defense counsel was ineffective in failing to file a notice of appeal after Brown asked him to challenge the district court's determination that he was not a minor participant; (2) that the district court erred by concluding that he was not a minor participant; and (3) that the one-year limitations period of § 2255 is subject to equitable tolling in this case because—(a) counsel failed to file a notice of appeal after Brown requested counsel to do so, (b) Brown was "in transit" to his place of incarceration for ninety days after the sentencing hearing, and (c) defense counsel changed addresses and his office would not accept Brown's collect telephone calls.

The district court denied Brown's § 2255 motion as untimely, concluding that no extraordinary circumstance existed that would allow for § 2255 relief. Brown thereafter moved the district court to issue a certificate of appealability. In response, the district court filed an order stating:

Petitioner is entitled to a certificate of appealability on his claim that his counsel was ineffective for failing to file a notice of appeal and that he was entitled to an evidentiary hearing on the conflict between his assertion that he directed counsel to appeal and counsel's statement that he was not so instructed. Petitioner is also entitled to appellate review of his claim that the one year period of limitations was equitably tolled in the circumstances of this case.

In his timely appeal, Brown contends: (1) that equitable tolling applies in this case, (2) that counsel was ineffective in failing to file a notice of appeal, and (3) that the district court erred by not conducting an evidentiary hearing. Both parties have filed briefs.

As an initial matter, we will not review Brown's enumerated issues two and three. Regarding issue two, Supreme Court precedent makes it clear that courts should avoid unnecessary adjudication of constitutional issues. *Ashwander v. TVA,* 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring) ("[I]f a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter."). Where a statutory or nonconstitutional basis exists for reaching a decision, as it does here, it is not necessary to reach the constitutional issue. *See, e.g., Montenegro v. United States,* 248 F.3d 585, 595–96 (7th Cir.2001) (avoiding the question of the constitutionality of the statute of limitations of § 2255). The legal question embodied in

issue three is rendered moot by our finding below that Brown failed to file his § 2255 motion in a timely fashion.

We review de novo a district court's determination that a § 2255 motion was filed outside of the applicable statutory limitations period. *Tolbert v. State of Ohio Dep't of Transp.,* 172 F.3d 934, 938 (6th Cir.1999) (a 28 U.S.C. § 2254 case). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal prisoner has one year to file a § 2255 motion. The one-year period runs from the latest of four possible starting markers, *see* § 2255(1)-(4); in this case, the relevant marker is the date on which Brown's judgment of conviction became final. For the purposes of the limitations period of § 2255, "a conviction becomes final at the conclusion of direct review." *Johnson v. United States,* 246 F.3d 655, 657 (6th Cir. 2001) (citing *United States v. Torres,* 211 F.3d 836, 839 (4th Cir.2000)). If a § 2255 movant pursues direct review through to a petition for certiorari in the Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. *Id.* If a § 2255 movant has not taken a direct appeal, direct review is final upon the entry of the judgment of conviction, *see United States v. Sanders,* 247 F.3d 139, 142 (4th Cir.2001) (citing *Torres,* 211 F.3d at 837), or ten days thereafter. *See Kapral v. United States,* 166 F.3d 565, 577 (3d Cir. 1999) (stating that "[i]f a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.")

The district court concluded that the one-year period in which Brown was required to seek § 2255 relief expired on June 9, 1999, ten days after the date the judgment was filed. Under *Sanders,* the

statute of limitations began to run on June 2, 1998. Under *Kapral,* it began to run on June 12, 1998. With any of the possible starting points—or even with the ninety-day period for filing a petition for certiorari added to the ten day period for taking a direct appeal—Brown's motion was untimely.

The one-year limitations period of § 2255 is subject to equitable tolling. *Dunlap v. United States,* 250 F.3d 1001, 1004, 1007 (6th Cir.2001). If a district court determines as a matter of law that equitable tolling does not apply, this court reviews that decision de novo. *Id.* at 1007 & n. 2. In determining whether equitable tolling of a limitations period is appropriate, a court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Id.* at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988)). Enumerated factor four, the prejudice-to-the-respondent factor, may only be considered if other factors of the test are met. *See Andrews,* 851 F.2d at 151.

Brown has failed to establish any basis for equitable tolling. Ineffective assistance from counsel does not apply in this context, because Brown possessed no right to counsel in the prosecution of a § 2255 motion. *See Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). His ninety days in transit do not explain his lack of diligence in filing his § 2255 motion during the nine-month period that remained open to him to file timely, *see Dunlap,* 250 F.3d at 1010, and Brown offers no explanation for his failure to file during this period. Ignorance of the limitations period does not toll

the limitations period. *See United States v. Baker,* 197 F.3d 211, 218–19 (6th Cir. 1999) (in direct criminal appeal, court noted that accepting an ignorance-of-the-law excuse would encourage and reward indifference to the law), *cert. denied,* 528 U.S. 1197, 120 S.Ct. 1262, 146 L.Ed.2d 117 (2000). And finally, to the extent Brown claims that he believed mistakenly that counsel was prosecuting an appeal on his behalf, this does not qualify because Brown failed in his duty to monitor the status of his appeal. *See Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir.1999) (§ 2254 case), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000).

For these reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.