**Kevin PRICE, Petitioner–Appellant,**

v.

**David JAMROG, Respondent–Appellee.**

No. 03–1463.

United States Court of Appeals, Sixth Circuit.

Oct. 23, 2003.

Before BOGGS, Chief Judge; GIBBONS, Circuit Judge; and GWIN, District Judge.*

### ORDER

Kevin Price, a Michigan prisoner proceeding pro se, appeals the district court judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After a 1991 bench trial, Price was convicted of assault with intent to commit murder and unarmed robbery. The court sentenced him to twenty to thirty years and ten to fifteen years of imprisonment, respectively. The Michigan Court of Appeals affirmed the convictions and sentences, and the Michigan Supreme Court denied leave to appeal in October 1994. In

September 1996, Price retained an attorney to file a post-conviction motion. The attorney did nothing, however, and was later suspended from the practice of law and ordered to refund Price's money. Price retained another attorney, who filed a motion for relief from judgment under MCR 6.508 in June 2000. The trial court denied the motion, and appellate review ended in December 2001.

Price filed his federal habeas petition in November 2002, raising four claims. The district court reviewed Price's petition and entered an order requiring Price to show cause why his petition should not be denied as untimely under 28 U.S.C. § 2244(d). Price argued that the time he spent in administrative segregation, his attorney's failure to file the post-conviction motion, and a mental disability prevented him from filing his petition within the statutory period. The district court concluded that Price's petition was untimely and that he was not entitled to equitable tolling, but granted Price a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In his appeal, Price argues that: (1) he is entitled to equitable tolling; and (2) MCR 6.508 is an unconstitutional impediment to seeking federal habeas review.

This court reviews de novo the dismissal of a habeas petition by the district court as barred by the statute of limitations. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir.), *cert. denied*, 537 U.S. 1091, 123 S.Ct. 699, 154 L.Ed.2d 638 (2002). The district court's factual findings are reviewed for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999).

Upon review, we conclude that the district court properly denied Price's petition.

---

\* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Price's petition was barred by the statute of limitations. Because his conviction became final before the effective date of the Antiterrorism and Effective Death Penalty Act, Price had until April 24, 1997, to file his petition. *See* 28 U.S.C. § 2244(d)(1); *Cook*, 295 F.3d at 519; *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir.1999). Price did not file a state court post-conviction action until June 2000, well after the limitations period expired, so the tolling provision of § 2244(d)(2) does not apply. Filing a state post-conviction action can toll the statute of limitations, but it does not restart the limitations period. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir.2003). Thus, unless equitable tolling applies, Price's petition was untimely.

■ The district court also properly held that equitable tolling was not appropriate in this case. *See Dunlap v. United States*, 250 F.3d 1001, 1008–09 (6th Cir.), *cert. denied*, 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001). Diligence in pursuing one's rights is an important factor to consider when deciding whether equitable tolling is appropriate. *Id.* at 1008. Price argued that the time he spent in administrative segregation prevented him from filing his petition within the statutory period. He was in administrative segregation when the limitations period began to run on April 26, 1996, and remained there until June 1997. He alleged that he did not have access to legal materials during this period.

First, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999), *cert. denied*, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001). Second, Price retained his first post-conviction attorney in September 1996, and stated that the attorney assured him he would file the state court motion and a federal habeas petition within the statute of limitations.

Thus, Price was capable of pursuing his claims while in administrative segregation and was aware of the limitations issue. Finally, Price waited until June 2000 to resume his efforts at state court relief when his attorney failed to act. He did not pursue his rights diligently and was not entitled to equitable tolling. *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir.2001), *cert. denied*, 536 U.S. 925, 122 S.Ct. 2593, 153 L.Ed.2d 782 (2002).

Price's argument that the district court should have tolled the limitations period for the entire time he pursued a grievance against his attorney is without merit. Price had no constitutional right to an attorney to mount collateral attacks on his conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Thus, no matter what his attorney did or failed to do, it was Price's duty to diligently pursue his rights. Moreover, even if the limitations period was tolled from September 1996, when Price retained the attorney, until the conclusion of his post-conviction litigation in December 2001, his November 2002 federal habeas petition was still too late. Approximately five months of the limitations period had run by the time Price hired his first attorney, so his habeas petition was four months overdue.

■ Finally, Price failed to show that he was entitled to equitable tolling because of a mental disability. Price argued that his diagnosis of bipolar disorder showed that he was incapable of pursuing his state court remedies or filing his federal habeas petition within the limitations period. There is nothing in the record to suggest that Price was incompetent during all or even a significant portion of the time he allowed to elapse before the limitations period expired. Price's unsupported assertions that his mental disability prevented him from filing state or federal collateral challenges to his conviction are

unavailing. *See Fisher v. Gibson,* 262 F.3d 1135, 1145 (10th Cir.2001), *cert. denied,* 535 U.S. 1034, 122 S.Ct. 1789, 152 L.Ed.2d 649 (2002).

In sum, Price filed his habeas petition long after the statute of limitations expired, he was not diligent in pursuing his rights, and he did not demonstrate any exceptional circumstances justifying equitable tolling of the statute of limitations. For the foregoing reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.