*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0045p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

In re: RALPH WENDELL SWEGAN,

*Debtor.*

————————————————————————

BUCKEYE RETIREMENT CO.,

*Appellee,*

*v.*

RALPH WENDELL SWEGAN,

*Appellant.*

No. 08-3511

On Appeal from the Bankruptcy Appellate Panel
of the Sixth Circuit.
No. 03-45698—Kay Woods, Bankruptcy Judge.

Argued: January 15, 2009

Decided and Filed: February 10, 2009

Before: MERRITT, ROGERS, and WHITE, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Michael D. Buzulencia, LAW OFFICES OF MICHAEL D. BUZULENCIA, Warren, Ohio, for Appellant. Scott D. Fink, WELTMAN, WEINBERG & REIS, Cleveland, Ohio, for Appellee. **ON BRIEF:** Michael D. Buzulencia, LAW OFFICES OF MICHAEL D. BUZULENCIA, Warren, Ohio, for Appellant. Scott D. Fink, WELTMAN, WEINBERG & REIS, Cleveland, Ohio, for Appellee.

_____

**OPINION**

_____

ROGERS, Circuit Judge. In this case, the bankruptcy court granted debtor Ralph Swegan's summary judgment motion to discharge his debt to appellee Buckeye Retirement Co. The Bankruptcy Appellate Panel (BAP) for the Sixth Circuit reversed and remanded for

1

trial.  Swegan seeks review of the BAP's decision.  Because this court lacks appellate jurisdiction, the appeal is dismissed.

Swegan was the sole owner of Steelcraft, Inc.  Second National Bank issued a business loan to Steelcraft, which Swegan personally guaranteed.  Steelcraft defaulted on the loan and after Swegan failed to make the payments, Second National Bank obtained a judgment against Swegan for $436,107.84.  Second National Bank assigned the judgment to Buckeye.

Buckeye initiated state proceedings to collect the judgment.  Buckeye obtained an order for a debtor's examination, which occurred on May 20, 2003.  At the examination, Buckeye's attorney asked Swegan many questions, including: (1) "Did you receive the proceeds of [your late wife's] life insurance policy?" and (2) "[Do you] have any life insurance policies on your own life at this time?"  Swegan answered both in the negative.

On November 4, 2003, Swegan filed a petition for relief under chapter 13 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Ohio.  Swegan later filed his schedules and statement of affairs, which Buckeye contends contradicted his testimony in the debtor examination.  First, Swegan was receiving the proceeds of his late wife's life insurance policy in the form of an annuity.  Second, Swegan held a separate insurance policy on his own life.

Swegan moved the bankruptcy court to discharge his debt to Buckeye.  Buckeye moved the bankruptcy court to deny discharge under 11 U.S.C. § 727(a), on the ground that Swegan's testimony at the debtor examination constituted "concealment" of property, done with the intent to hinder Buckeye's recovery.  On February 6, 2007, the bankruptcy court granted summary judgment in favor of Swegan, finding that he was entitled to discharge because he had not intentionally concealed property within the meaning of the statute.  The bankruptcy court reasoned that "concealment" under the statute required "more than mere lack of full disclosure," but also "a debtor's retention of some interest after divestiture of legal ownership."  *In re Swegan*, 09-45698, slip op. at 12 (Bankr. N.D. Ohio Feb. 6, 2007).  Under this standard, Swegan's failure to answer the questions correctly did not amount to "concealment."  *Id.*  The bankruptcy court also determined that Buckeye had otherwise

presented only circumstantial evidence regarding Swegan's intent to hinder and such evidence was not enough to warrant the denial of discharge. *Id.* at 17.

On appeal, the BAP disagreed with the bankruptcy court's restrictive application of "concealment" within the context of 11 U.S.C. § 727(a)(2)(A) and determined that a genuine issue of material fact existed as to whether Swegan had the requisite intent to "hinder, delay, or defraud" Buckeye in its collection efforts. *In re Swegan*, 383 B.R. 646, 655, 658-59 (B.A.P. 6th Cir. 2008). The BAP accordingly reversed the order granting Swegan summary judgment and remanded the adversary proceeding for trial. *Id.* at 659. Swegan now appeals.

There is no appellate jurisdiction to review the BAP's reversal of summary judgment, because the BAP's decision is not a final judgment. This court has jurisdiction over "appeals from all final decisions, judgments, orders, and decrees" from the district court or the BAP. 28 U.S.C. § 158(d)(1). "[A] decision by the district court on appeal remanding the bankruptcy court's decision for further proceedings in the bankruptcy court is not final, and so is not appealable to this court, unless the further proceedings contemplated are of a purely ministerial character." *Settembre v. Fid. & Guar. Life Ins. Co.*, 552 F.3d 438, 441 (6th Cir. 2009) (quoting *In re Lopez*, 116 F.3d 1191, 1192 (7th Cir. 1997)) (internal quotations omitted).

*Settembre*'s standard applies to bankruptcy appeals, regardless of whether they are from the district court or the BAP. Under 28 U.S.C. § 158, this court's jurisdiction over bankruptcy appeals from either body is the same. An appeal from the district court or the BAP "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." § 158(c)(2). This uniformity is consistent with how other circuits treat appeals from the BAP. *See, e.g.*, *In re Tri-Valley Distrib., Inc.*, 533 F.3d 1209, 1214 (10th Cir. 2008); *In re Rivera Torres*, 432 F.3d 20, 22 (1st Cir. 2005).

The BAP's decision contemplates further non-ministerial proceedings and, therefore, under *Settembre*, it is not a final order over which we have appellate jurisdiction. In *Settembre*, the district court's reversal of summary judgment and remand of the case to the bankruptcy court acknowledged that "there [we]re enough questions to warrant a trial." *Settembre*, 552 F.3d at 442 (internal quotations omitted). Because "trial is not a proceeding purely of a ministerial character," the district court's reversal was not a final order and

therefore was not appealable. *Id.* Likewise, the BAP's reversal of summary judgment in this case contemplates further fact-finding by the bankruptcy court. The order is, therefore, not a final order. Because we lack jurisdiction, the appeal is dismissed.