NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0660n.06

No. 09-5212

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Sep 07, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| LESLIE EUGENE MOORE, | ) | |
| | ) | ON APPEAL FROM THE |
| Petitioner-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **O P I N I O N** |
| | ) | |
| Respondent-Appellee. | ) | |

_____

Before:  MERRITT, COOK and WHITE, Circuit Judges.

**PER CURIAM.**  Petitioner Leslie Moore appeals the district court's denial of his habeas petition as untimely.  We **AFFIRM**.

## BACKGROUND

On June 27, 2006, Moore was indicted on seven counts relating to the production and possession of child pornography, in violation of 18 U.S.C. §§ 2251(a), 2252(a)(2), 2252(a)(4)(B) and 2253.  Pursuant to a plea agreement ("Agreement"), Moore pleaded guilty to three counts and the remaining charges were dismissed.  Under the terms of the Agreement, Moore waived his appellate rights except for claims relating directly to the waiver itself or to its negotiation, as long as those claims also involve the involuntariness of his plea, prosecutorial misconduct, or ineffective

- 1 -

assistance of counsel. By signing the Agreement, Moore attested that he had read and discussed its terms with his attorney. In addition, during sentencing, the district court advised Moore: "your [sic] have in the Plea Agreement forfeited your right to appeal your sentence. Therefore, your sentence, as well as your conviction in this matter, are final."

Moore's judgment of conviction and sentence were entered on August 9, 2007. Pursuant to then-applicable Federal Rule of Appellate Procedure 4(b)(1)(A)(ii), Moore had ten days to file a notice of appeal. Excluding weekends, *see* Fed. R. App. P. 26(a), the ten-day period ended on August 23, 2007, without any notice of appeal having been filed.

On November 6, 2008, Moore petitioned *pro se* to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, claiming that his plea was involuntary, his arrest was unlawful, the prosecution failed to disclose exculpatory evidence, and his attorney was ineffective for failing to file a notice of appeal. The district court issued a show-cause order stating that Moore's petition appeared to be time-barred,[1] and directing him to submit reasons why the limitation period should be equitably tolled. In response, Moore argued that equitable tolling should apply because, *inter alia*, (1) he lacked actual notice of the filing requirement and depended on his attorney to file the

---

[1]As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2255 imposes a one-year period of limitation for filing habeas petitions, running from the latest of either –
>  (1) the date on which the judgment of conviction becomes final; [or]
>  . . .
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f).

notice of appeal; (2) he belatedly discovered that his attorney had not filed the notice, but only after sending numerous letters, which the attorney failed to answer; (3) he acted with due diligence in researching the grounds for his appeal, but due to the nature of his crime, the inmates who worked at the law library either refused to help him or were threatened when they tried; and (4) he needed seven months of daily research to discover that his attorney's representation was constitutionally defective and more time to realize that his direct appellate rights had been lost. Moore argued that the one-year period should run from April 2008.

On January 21, 2009, the district court held that Moore's petition was time-barred under § 2255(f)(1) because it was filed over a year after his conviction became final.[2] The district court reasoned that assuming Moore's conviction became final when the ten-day appeal period expired on August 23, 2007,[3] his motion was time-barred because it was filed over one year later. The district court also ruled that Moore could not benefit from equitable tolling, and declined to delay the start of the limitation period under § 2255(f)(4). Finally, the court denied a certificate of appealability and held that an appeal would not be taken in good faith.

Moore timely appealed, and this Court granted a certificate of appealability. Since consideration of the merits hinges on whether the petition was time-barred, this Court ordered the

---

[2]The district court erroneously calculated that the limitation period expired on September 23, 2008, thirteen months after the judgment became final.

[3]*See United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002) (describing circuit split over whether conviction of habeas petitioner who fails to file direct appeal becomes final on date of judgment entry or when appeals deadline expires).

parties to brief this issue first.

**DISCUSSION**

Moore contends that, instead of calculating the limitation period from the date on which his judgment became final under § 2255(f)(1), the district court should have used the date on which he discovered the facts supporting his claims, pursuant to § 2255(f)(4). In the alternative, Moore argues that the limitation period should be equitably tolled. This Court reviews *de novo* the denial of a § 2255 motion, but reviews the district court's factual findings for clear error. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

**A.      Start of Limitation Period**

A federal prisoner may file for habeas relief within one year from "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence." § 2255(f)(4). "The petitioner bears the burden of proving that he exercised due diligence." *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006) (ruling on 28 U.S.C. § 2254 petition filed by state prisoner). In deciding when the limitation period should begin to run, a court must determine

> when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence.

*Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000) (footnotes omitted) (*quoted with alteration in DiCenzi*, 452 F.3d at 470).

Moore contends that he asked his attorney to appeal his conviction immediately after sentencing. The deadline to file a notice of appeal was August 23, 2007, but Moore did not realize until November 6, 2007, that his attorney had failed to file the notice. Moore claims he spent part of the intervening ten weeks in transit to his place of incarceration and was unable to communicate with his attorney during this period. He also asserts that his attorney failed to answer several letters in which Moore inquired about the status of his appeal. Moore argues that the one-year window of § 2255(f) should run from his discovery of his attorney's failure to file the notice of appeal.

In support of his argument, Moore cites *Granger v. Hurt*, 90 F. App'x 97, 98 (6th Cir. 2004), where a state prisoner ("Granger") who expected his attorney to file a notice of appeal waited until two months after the filing deadline to inquire about the status of his appeal. Within 40 days of discovering his attorney's failure to file, Granger moved the appellate court for a delayed direct appeal and, when his motion was denied, petitioned the state supreme court for leave to appeal. *Id.* Nearly one year after the denial of his petition, and well beyond the one year anniversary of his judgment of conviction, Granger filed for habeas relief under § 2254; the district court denied the petition as untimely. *Id.* On appeal, the Government argued that the factual predicate of Granger's ineffective-assistance claim was established at trial's end, when the district court informed him of his appellate rights.[4] *Id.* at 100. This Court rejected the Government's reasoning, noting that

---

[4]The Government makes a similar argument in the instant case, claiming that Moore had no reason to expect an appeal to be filed because he knew, from the terms of the Agreement and from his colloquy with the district court, that by pleading guilty he waived his appellate rights. This reasoning ignores that the Agreement preserved Moore's right to challenge the waiver itself if his plea was involuntarily given or if his attorney was ineffective. Further, it is beyond dispute that "a

Granger could not have known when his trial ended that his attorney would fail to file a timely appeal. *Id.* The Court further held that starting the limitation period on the deadline for filing the appeal "ignores the reality of the prison system and imposes an unreasonable burden on prisoners seeking to appeal." *Id.* (*citing Wims*, 225 F.3d at 190 n.4); *see also Wims*, 225 F.3d at 190 ("[D]ue diligence plainly did not require Wims to check up on his counsel's pursuit of an appeal on . . . the very day on which Wims' conviction became final absent appeal."). The Court found that a prisoner could reasonably wait two months before inquiring about the status of an appeal and held that the limitation period should run from the day Granger received word that his lawyer had not filed the notice of appeal. *Id.*

*Granger* differs significantly from the instant case in that Moore offers no evidence regarding when he discovered that his attorney had not filed the notice of appeal. Granger's account was corroborated by his filing of a delayed motion for direct appeal and his attempt to appeal its denial to the state supreme court. By contrast, Moore did not seek to preserve his appellate rights before filing this petition and offered no evidence to support his delayed-discovery claim, either in response to the district court's order to show cause or in his appellate brief. *Cf. Price v. Jamrog*, 79 F. App'x 110, 112-13 (6th Cir. 2003) (rejecting petitioner's unsupported assertions that his mental disability prevented him from collaterally challenging his conviction). Since Moore has not shown that he discovered his attorney's failure to file on November 6, 2007, or that he diligently inquired into the

---

lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (citing cases from other circuits).

status of his appeal before then, he is not entitled to delay the start of the limitation period under §

2255(f)(4).

## B.     Equitable Tolling

Moore also argues that the district court should have equitably tolled the limitation period

for filing his habeas petition.  The decision not to toll is reviewed  *de novo.  Sherwood v. Prelesnik*,

579 F.3d 581, 584 (6th Cir. 2009).

Although the limitation period of § 2255(f) is subject to tolling, *Hargrove v. Brigano*, 300

F.3d 717, 719 (6th Cir. 2002), federal courts grant such relief sparingly.  *Griffin v. Rogers*, 399 F.3d

626, 635 (6th Cir. 2005).  The Supreme Court instructs that, to be entitled to equitable tolling, a

habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549

U.S. 327, 336 (2007) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

When determining whether equitable tolling is appropriate, this Circuit applies a five-factor

balancing test, which weighs:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the
> petitioner's lack of constructive knowledge of the filing requirement; (3) the
> petitioner's diligence in pursuing his rights; (4) absence of prejudice to the
> respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal
> requirement for filing his claim.

*Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006) (*quoting Dunlap v. United States*, 250

F.3d 1001, 1008 (6th Cir. 2001), *adopting factors set forth in Andrews v. Orr*, 851 F.2d 146, 151

(6th Cir. 1988)) (alteration in *Solomon*).  "The *Andrews* factors are not necessarily comprehensive

or always relevant; ultimately every court must consider an equitable tolling claim on a case-by-case basis." *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004) (citation omitted). Ignorance of the law, even by an incarcerated *pro se* petitioner, is not grounds to toll the statute. *Johnson v. United States*, 544 U.S. 295, 311 (2005); *Solomon*, 467 F.3d at 933. Where, as here, the petitioner does not claim ignorance of the filing requirement, the court must focus its inquiry on the petitioner's diligence and "the reasonableness of his ignorance of the effect of his delay." *King*, 378 F.3d at 553. A petitioner can establish due diligence by showing that he took "prompt action . . . as soon as he [was] in a position to realize that he [had] an interest in challenging" his conviction. *Johnson*, 544 U.S. at 308.

Moore's equitable-tolling arguments are the same as his arguments to delay the start of the limitation period under § 2255(f)(4). In response, the Government cites *Brown v. United States*, 20 F. App'x 373 (6th Cir. 2001), on which the district court also relied. The petitioner ("Brown") argued that the district court erred in calculating his sentence and that his attorney ignored his request to file a notice of appeal, but the district court held that these were not sufficient grounds to toll the statute. *Id.* at 373-74. On appeal, Brown argued that equitable tolling should apply because: (1) his attorney failed to file the notice of appeal; (2) he was in transit for 90 days after sentencing; and (3) his attorney would not take his calls. *Id.* This Court affirmed the district court's decision, stating:

> [Brown's] ninety days in transit do not explain his lack of diligence in filing his § 2255 motion during the nine-month period that remained open to him to file timely and Brown offers no explanation for his failure to file during this period. . . . [F]inally, to the extent Brown claims that he believed mistakenly that counsel was prosecuting an appeal on his behalf, this does not qualify because Brown failed in his duty to monitor the status of his appeal.

*Id.* at 375 (citations omitted).

Despite its factual similarity with the instant case, *Brown* is inapposite. First, since *Brown*, this Court has joined other circuits in holding that courts must take into account the realities of the prison system when assessing a petitioner's diligence in filing an appeal. *See DiCenzi*, 452 F.3d at 470 (*citing Granger*, 90 F. App'x at 100; *Moore v. Knight*, 368 F.3d 936, 940 (7th Cir. 2004); *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002); *Wims*, 225 F.3d at 190 n.4. Second, the petitioner in *Brown* could not explain his failure to file his petition during the nine-month period after he discovered his attorney's failure to file. By contrast, Moore alleges that his attempts to research the merits of his claims were hampered by other inmates' refusal to give library assistance due to the nature of his conviction. Since it is known that sex offenders are frequent targets of violence and hostility from other inmates, Moore's explanation is not, by itself, unreasonable. *See, e.g.*, *Renchenski v. Williams*, 622 F.3d 315, 326 (3d Cir. 2010) (noting that sex offenders face "unique challenges in the prison environment" and are frequent targets of violence).

Nevertheless, Moore fails to satisfy the *Andrews* test for other reasons. Specifically, he admits that he was aware of the requirement to file a notice of appeal; therefore, the first two factors of the test weigh against equitable tolling. Moreover, as previously discussed, Moore provided no evidence that he checked the status of his appeal before discovering his attorney's failure to file; thus, even if Moore exercised due diligence for the rest of the limitation period, he cannot show that he did so in the first ten weeks after the appeals deadline expired. Finally, Moore admits that he

knew from the beginning of the legal requirement to file his claim.[5]  For these reasons, the *Andrews*

test weighs against equitable tolling and the district court was right to dismiss Moore's petition as

untimely.

## CONCLUSION

The district court's order dismissing Moore's § 2255 petition is **AFFIRMED**.

---

[5]Even if Moore was unaware of the one-year filing window under § 2255(f), such ignorance would not excuse his delay because AEDPA's amendments to the habeas statute are now well established.  *Cf. Solomon*, 467 F.3d at 933 (holding that inmate who filed for habeas one year after AEDPA's enactment could be reasonably unaware of changes to the limitation period).

MERRITT, Circuit Judge, concurring. I concur in the Per Curiam opinion. I do not believe we should apply the doctrine of equitable tolling here to extend Moore's time for filing a § 2255 proceeding. The court explained to Moore that he had waived his right to appeal and Moore said that he was satisfied with his lawyer. There is nothing in the record to indicate that Moore asked his lawyer to appeal within the 10-day period, except Moore's general claim (without any detail) that he told his lawyer to appeal. But appeal what? Ineffective assistance of counsel? Innocence? Then Moore waits for 15 months to call the failure to appeal to the court's attention and then files a complaint that does not explain why he now claims he is not guilty or what would be the basis for vacating his guilty plea and setting aside his plea agreement. I see no basis in equity for extending the time for filing a claim based on no understandable reason.