**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0915n.06

No. 14-3401

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Dec 10, 2014*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| IN RE: DEAN R. BRADLEY; CYNTHIA E. BRADLEY,<br><br>    Debtors.<br>_____<br><br>KRAUS ANDERSON CAPITAL, INC.,<br><br>    Plaintiff-Appellee,<br><br><br><br>DEAN R. BRADLEY,<br><br>    Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   ON APPEAL FROM THE BANKRUPTCY<br>)   APPELLATE PANEL OF THE SIXTH<br>)   CIRCUIT<br>)<br>)<br>)<br>) |

BEFORE:     BATCHELDER and ROGERS, Circuit Judges; and BECKWITH, Senior District Judge.[*]

PER CURIAM.    Defendant-Appellant Dean R. Bradley, the debtor in this Chapter 7 bankruptcy proceeding, appeals from the order of the Bankruptcy Appellate Panel ("BAP") reversing the bankruptcy court's order that certain debts Bradley owed to Plaintiff-Appellee Kraus Anderson Capital, Inc. are not excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6).  However, we lack jurisdiction to consider Bradley's appeal because the BAP's decision was not final. Accordingly, we dismiss Bradley's appeal.

---

[*] The Honorable Sandra S. Beckwith, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

1

Plaintiff-Appellee Kraus Anderson Capital, Inc. ("Kraus Anderson") provided floor plan financing to Bradley's equipment sales company pursuant to a dealer credit agreement and a series of individual promissory notes and security agreements. Bradley personally guaranteed the extension of credit to his company.

Beginning in 2007, Bradley's business experienced a severe downturn and he sold several pieces of equipment "out of trust," i.e., without remitting the sales proceeds to Kraus Anderson. In a December 2008 meeting with representatives of Kraus Anderson, Bradley admitted selling some equipment out of trust, but he specifically failed to disclose that he had sold three other pieces of equipment that were subject to Kraus Anderson's security interests. The parties amended the loan documents to extend the repayment date, to increase the interest rate, and to establish a repayment schedule. Additionally, the parties entered into a settlement agreement under which Bradley signed a confession of judgment in favor of Kraus Anderson in the event he defaulted under the revised loan agreements. Soon after this meeting, however, Bradley sold additional pieces of equipment out of trust. In November 2010, when Kraus Anderson's auditors visited Bradley's business to verify the collateral, he told them that the missing equipment had been leased to customers and was out at various job sites.

On November 30, 2010, Bradley filed a petition for relief pursuant to Chapter 7 of the Bankruptcy Code. In March 2011, Kraus Anderson filed an adversary complaint against Bradley contending that the debts owed to Kraus Anderson were excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6). Respectively, these sections exempt from discharge debts obtained through false pretenses, a false representation, or actual fraud; embezzlement; or if the debtor caused a willful and malicious injury to the creditor.

The parties submitted the case to the bankruptcy judge on stipulated facts and exhibits, and a one-day bench trial in which Bradley and a representative of Kraus Anderson testified. The bankruptcy judge specifically declined to take evidence on Kraus Anderson's alleged damages, preferring instead to focus on the issue of whether the debts are dischargeable. Bankruptcy Case No. 11-05082-amk, Doc. No. 74, at 100-05. The bankruptcy judge issued findings of fact and conclusions of law determining that Bradley's debts are not excepted from discharge under § 523. Specifically, the bankruptcy judge ruled that: 1) § 523(a)(2)(A) does not apply because Kraus Anderson did not justifiably rely on Bradley's false representations and because Kraus Anderson failed to prove that Bradley did not intend to perform his obligations under the terms of the loan documents; 2) the § 523(a)(4) embezzlement exception does not apply because Bradley sold the equipment in the ordinary course of business and the circumstances did not indicate fraud; and 3) Bradley did not cause a willful and malicious injury under § 523(a)(6) because he had always intended to repay the debts.

The BAP affirmed the bankruptcy court's conclusion that Kraus Anderson failed to prove that the debts are not excepted from discharge pursuant to § 523(a)(4) due to embezzlement. The BAP, however, found that the bankruptcy court erred when it concluded that §§ 523(a)(2)(A) and (a)(6) do not except the debts from discharge. The BAP found that, as to § 523(a)(2)(A), Kraus Anderson justifiably relied on Bradley's false statements and that the bankruptcy court erred by imposing upon Kraus Anderson a duty to investigate not imposed by the law. The BAP also ruled that Bradley willfully and maliciously injured Kraus Anderson under § 523(a)(6) when he sold equipment in knowing disregard of Kraus Anderson's security interests in the collateral. The BAP determined, therefore, that Bradley's debts are not dischargeable pursuant §§ 523(a)(2)(A) and (a)(6).

3

The BAP reversed the bankruptcy court's judgment and remanded the case "for a determination of the amount of damages that Lender suffered . . . and for an entry of judgment in favor of Lender[.]"

Bradley now appeals from the BAP's order reversing the bankruptcy court's judgment in his favor, and remanding for a determination of damages.

Although not raised by either party, we *sua sponte* question whether we have subject matter jurisdiction to consider this appeal. *In re Millers Cove Energy Co., Inc.*, 128 F.3d 449, 450-51 (6th Cir. 1997). Pursuant to 28 U.S.C. § 158(d), we have jurisdiction to review "final decisions, judgments, orders, and decrees" of the BAP. *In re Swegan*, 555 F.3d 510, 512 (6th Cir. 2009). A BAP's order "remanding the bankruptcy court's decision for further proceedings in the bankruptcy court is not final, and so is not appealable to this court, unless the further proceedings contemplated are of a purely ministerial character." *Id.* (quoting *Settembre v. Fid. & Guar. Life Ins. Co.*, 552 F.3d 438, 441 (6th Cir. 2009)). Because the BAP's decision is not a final order under § 158(d), we lack subject matter jurisdiction over this appeal.

The BAP remanded this case to the bankruptcy court to determine the amount of damages Kraus Anderson suffered as result of Bradley's false representations and willful and malicious conduct. Inasmuch as the bankruptcy court specifically declined to take evidence on Kraus Anderson's damages, implementing the BAP's remand order may require convening a new evidentiary hearing, but in all events the court will have to accept new evidence and issue additional findings of fact and conclusions of law on damages. The proceedings contemplated by the BAP on remand, therefore, are not of a purely ministerial character. *See Swegan,* 555 F.3d at 512 (BAP's order reversing summary judgment contemplated additional fact-finding by bankruptcy court and

4

therefore was not a final order). As a result, the BAP's decision in this case is not a final order and we lack jurisdiction over Bradley's appeal.

Accordingly, the appeal is dismissed.