(Slip Opinion)          OCTOBER  TERM,  2006          1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is
being done in connection with this case, at the time the opinion is issued.
The syllabus constitutes no part of the opinion of the Court but has been
prepared by the Reporter of Decisions for the convenience of the reader.
See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## OFFICE OF SENATOR MARK DAYTON *v.* HANSON

### APPEAL FROM THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 06–618.   Argued April 24, 2007—Decided May 21, 2007

After his discharge from employment with former Senator Dayton, ap-
pellee Hanson sued appellant, the Senator's office (Office), invoking
the District Court's jurisdiction under the Congressional Accountabil-
ity Act of 1995 (Act).  The court denied a motion to dismiss based on a
claim of immunity under the Constitution's Speech or Debate Clause,
and the D. C. Circuit affirmed.  The Office then sought to appeal un-
der §412 of the Act, which authorizes review in this Court of "any . . .
judgment . . . upon the constitutionality of any provision" of the Act.

*Held:* This  Court  lacks  jurisdiction  under  §412  because  neither  the
dismissal denial nor the D. C. Circuit's affirmance can fairly be char-
acterized as a ruling "upon the constitutionality" of any Act provision.
The District Court's order does not state any grounds for decision, so
it cannot be characterized as a constitutional holding.  Moreover, nei-
ther the Court of Appeals' rejection of the Office's argument that forc-
ing the Senator to defend against Hanson's allegations would neces-
sarily  contravene  the  Speech  or  Debate  Clause,  nor  that  court's
leaving open the possibility that the Clause may limit the proceed-
ings' scope in some respects, qualifies as a ruling on the Act's valid-
ity.  The Office's argument that the appeals court's holding amounts
to a ruling that the Act is constitutional "as applied" cannot be recon-
ciled with §413's declaration that the Act's authorization to sue "shall
not constitute a waiver of . . . the privileges of any Senator . . . under
[the Clause.]"  Nor do any special circumstances justify exercise of
this Court's discretionary certiorari jurisdiction, the D. C. Circuit
having abandoned an earlier decision that was in conflict with an-
other Circuit on the Clause's application to suits challenging a con-
gressional Member's personnel decisions.  Pp. 2–4.

Syllabus

459 F. 3d 1, appeal dismissed; certiorari denied.

STEVENS, J., delivered the opinion of the Court, in which all other Members joined, except ROBERTS, C. J., who took no part in the consideration or decision of the case.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

_____

No. 06–618

_____

## OFFICE OF SENATOR MARK DAYTON, APPELLANT *v.* BRAD HANSON

### ON APPEAL FROM THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

[May 21, 2007]

JUSTICE STEVENS delivered the opinion of the Court.

Prior to January 3, 2007, Mark Dayton represented the State of Minnesota in the United States Senate. Appellee, Brad Hanson, was employed in the Senator's Ft. Snelling office prior to his discharge by the Senator, which he alleges occurred on July 3, 2002. Hanson brought this action for damages against appellant, the Senator's office (Office), invoking the District Court's jurisdiction under the Congressional Accountability Act of 1995 (Act), 109 Stat. 3, as amended, 2 U. S. C. §1301 *et seq.* (2000 ed. and Supp. IV), and alleging violations of three other federal statutes.[1] The District Court denied appellant's motion to dismiss the complaint based on a claim of immunity under the Speech or Debate Clause of the Constitution.[2] The

_____

[1] Appellee alleged violations of the Family and Medical Leave Act of 1993, 107 Stat. 6, as amended, 29 U. S. C. §2601 *et seq.* (2000 ed. and Supp. IV), the Americans with Disabilities Act of 1990, 104 Stat. 337, 42 U. S. C. §12101 *et seq.* (2000 ed. and Supp. IV), and the Fair Labor Standards Act of 1938, 52 Stat. 1060, as amended, 29 U. S. C. §201 *et seq.* (2000 ed. and Supp. IV).

[2] "[F]or any Speech or Debate in either House, [the Senators and Representatives] shall not be questioned in any other Place." Art. I, §6, cl. 1.

Court of Appeals affirmed, *Fields* v. *Office of Eddie Bernice Johnson, Employing Office, United States Congress,* 459 F. 3d 1 (CADC 2006), the Office invoked our appellate jurisdiction under §412 of the Act, 2 U. S. C. §1412, and we postponed consideration of jurisdiction pending hearing the case on the merits, 549 U. S. ___ (2007). Because we do not have jurisdiction under §412, we dismiss the appeal. Treating appellant's jurisdictional statement as a petition for a writ of certiorari, we deny the petition.

Under §412 of the Act, direct review in this Court is available "from any interlocutory or final judgment, decree, or order of a court upon the constitutionality of any provision" of the statute.[3] Neither the order of the District Court denying appellant's motion to dismiss nor the judgment of the Court of Appeals affirming that order can fairly be characterized as a ruling "upon the constitutionality" of any provision of the Act. The District Court's minute order denying the motion to dismiss does not state any grounds for decision. App. to Pet. for Cert. 59a. Both parties agree that that order cannot, therefore, be characterized as a constitutional holding.[4] The Court of Appeals'

————————

[3] Section 412 reads in full:

"Expedited review of certain appeals

"(a) In general

"An appeal may be taken directly to the Supreme Court of the United States from any interlocutory or final judgment, decree, or order of a court upon the constitutionality of any provision of this chapter.

"(b) Jurisdiction

"The Supreme Court shall, if it has not previously ruled on the question, accept jurisdiction over the appeal referred to in subsection (a) of this section, advance the appeal on the docket, and expedite the appeal to the greatest extent possible." 2 U. S. C. §1412.

[4] Had the District Court's order qualified as a ruling "upon the constitutionality" of a provision of the Act, the Court of Appeals' jurisdiction to hear the appeal would have been called into serious doubt. See 28 U. S. C. §1291 (granting jurisdiction to the courts of appeals from final decisions of federal district courts "except where a direct review may be

opinion rejects appellant's argument that forcing Senator Dayton to defend against the allegations in this case would necessarily contravene the Speech or Debate Clause, although it leaves open the possibility that the Speech or Debate Clause may limit the scope of the proceedings in some respects. Neither of those holdings qualifies as a ruling on the validity of the Act itself.

The Office argues that the Court of Appeals' holding amounts to a ruling that the Act is constitutional "as applied." According to the Office, an "as applied" constitutional holding of that sort satisfies the jurisdictional requirements of §412. We find this reading difficult to reconcile with the statutory scheme. Section 413 of the Act provides that

> "[t]he authorization to bring judicial proceedings under [the Act] shall not constitute a waiver of sovereign immunity for any other purpose, or of the privileges of any Senator or Member of the House of Representatives under [the Speech or Debate Clause] of the Constitution." 2 U. S. C. §1413.

This provision demonstrates that Congress did not intend the Act to be interpreted to permit suits that would otherwise be prohibited under the Speech or Debate Clause. Consequently, a court's determination that jurisdiction attaches despite a claim of Speech or Debate Clause immunity is best read as a ruling on the scope of the Act, not its constitutionality. This reading is faithful, moreover, to our established practice of interpreting statutes to avoid constitutional difficulties.[5] See *Clark* v. *Martinez*, 543 U. S. 371, 381–382 (2005).

_____

had in the Supreme Court").

[5] Nor does this reading make a dead letter out of §412's limitation of appellate review in this Court to constitutional rulings. The possibility remains that provisions of the Act could be challenged on constitutional grounds unrelated to the Speech or Debate Clause.

Opinion of the Court

The provision for appellate review is best understood as responding to a congressional concern that if a provision of the statute is declared invalid there is an interest in prompt adjudication by this Court. To extend that review to instances in which the statute itself has not been called into question, giving litigants under the Act preference over litigants in other cases, does not accord with that rationale. This is also consistent with our cases holding that "statutes authorizing appeals are to be strictly construed." *Perry Ed. Assn.* v. *Perry Local Educators' Assn.*, 460 U. S. 37, 43 (1983); see also *Fornaris* v. *Ridge Tool Co.*, 400 U. S. 41, 42, n. 1 (1970) *(per curiam).*

Nor are there special circumstances that justify the exercise of our discretionary certiorari jurisdiction to review the Court of Appeals' affirmance of the interlocutory order entered by the District Court. Having abandoned its decision in *Browning* v. *Clerk, U. S. House of Representatives*, 789 F. 2d 923 (1986), the D. C. Circuit is no longer in obvious conflict with any other Circuit on the application of the Speech or Debate Clause to suits challenging the personnel decisions of Members of Congress. Compare 459 F. 3d 1 (case below), with *Bastien* v. *Office of Senator Ben Nighthorse Campbell*, 390 F. 3d 1301 (CA10 2004).

Accordingly, the appeal is dismissed for want of jurisdiction and certiorari is denied. We express no opinion on the merits, nor do we decide whether this action became moot upon the expiration of Senator Dayton's term in office.

*It is so ordered.*

THE CHIEF JUSTICE took no part in the consideration or decision of this case.