**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VIRGINIA VAN DUSEN; JOSEPH
SHEER; JOHN DOE 1, individually
and on behalf of all other
similarly situated persons,
*Plaintiffs-Appellees*,

v.

SWIFT TRANSPORTATION
COMPANY INCORPORATED;
INTERSTATE EQUIPMENT
LEASING INCORPORATED; CHAD
KILLIBREW; JERRY MOYES,
*Defendants-Appellants.*

No. 15-15257

D.C. No.
2:10-cv-00899-JWS

OPINION

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Argued and Submitted November 16, 2015
San Francisco, California

Filed July 26, 2016

Before: Sidney R. Thomas, Chief Judge and Sandra S.
Ikuta and Andrew D. Hurwitz, Circuit Judges.

Opinion by Chief Judge Thomas;
Concurrence by Judge Ikuta

## SUMMARY[*]

### Arbitration / Appellate Jurisdiction

Dismissing an interlocutory appeal from a district court's case management order in a labor law case, the panel held that the Federal Arbitration Act did not grant it jurisdiction to hear the appeal.

In a prior appeal, the court of appeals held that the district court, rather than an arbitrator, must decide whether the dispute was exempt from arbitration under 9 U.S.C. § 1, which provides that the Federal Arbitration Act does not apply to contracts of workers engaged in foreign or interstate commerce. On remand, the district court issued a scheduling order for discovery and a trial on the § 1 issue.

The panel held that the district court's order was not final and was not subject to review under the collateral order doctrine. In addition, the order was not reviewable under 9 U.S.C. § 16(a)(1)(B) on the basis that it had the practical effect of denying a motion to compel arbitration.

Concurring, Judge Ikuta agreed with the majority's holding that the court lacked jurisdiction to hear an interlocutory appeal from the district court's case

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

management order. She wrote that for the reasons explained in her dissent to the panel's other opinion in this matter, *Van Dusen v. Swift*, No. 15-70592, — F.3d — (9th Cir. 2016), the defendant nonetheless was entitled to a writ of mandamus.

---

## COUNSEL

Ronald J. Holland (argued), Ellen M. Bronchetti, and Paul S. Cowie; Sheppard, Mullin, Richter & Hampton LLP, San Francisco, California; for Petitioners-Appellants.

Edward Tuddenham (argued), New York, New York; Dan Getman and Lesley Tse, Getman & Sweeney PLLC, New Paltz, New York; Jennifer Kroll and Susan Martin, Martin & Bonnett PLLC, Phoenix, Arizona; for Plaintiffs-Appellants.

---

## OPINION

THOMAS, Chief Judge:

We must determine whether the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., grants us jurisdiction to hear an interlocutory appeal from a district court's case management order. We conclude it does not, and we dismiss the appeal for lack of appellate jurisdiction.

I

Virginia Van Dusen and Joseph Sheer are interstate truck drivers who entered into contracts with Swift Transportation Company, Inc. ("Swift") and Interstate Equipment Leasing, Inc. ("Interstate"). Van Dusen and Sheer each agreed to drive

trucks, Interstate agreed to finance the trucks, and Swift agreed to pay Van Dusen and Sheer for their services. The contracts designated Van Dusen and Sheer as independent contractors, not employees. Each contract also contained a clause to arbitrate "[a]ll disputes and claims arising under, arising out of or relating to [the] [a]greement[s]."

Van Dusen eventually terminated her contract with Swift. Swift separately terminated its contract with Sheer. Van Dusen and Sheer (collectively "Van Dusen") later filed a collective and class action complaint against Swift, Interstate, and senior executives at both companies (collectively "Swift"). The complaint alleged that Swift misclassified Van Dusen and others as independent contractors. The complaint also alleged violations of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., the California Labor Code, New York labor laws, state and federal minimum wage laws, and laws prohibiting forced labor, among other claims.

The lawsuit was filed in the Southern District of New York and later transferred to the District of Arizona. In Arizona, Swift moved to compel arbitration and dismiss or stay the district court action. Van Dusen objected that § 1 of the FAA prevented the district court from compelling arbitration. That section provides that the FAA does not apply to "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. The district court granted Swift's motion to compel arbitration. The court also determined that an arbitrator should decide whether the § 1 exemption applies to the parties' agreement. The court subsequently denied Van Dusen's motion to reconsider or certify an appeal.

Van Dusen petitioned this Court for a writ of mandamus. *In re Van Dusen*, 654 F.3d 838, 840 (9th Cir. 2011) ("*Van Dusen I*"). Van Dusen argued that the district court committed clear error when it referred the § 1 issue to the arbitrator—that the issue should properly be decided by a court. *Id*. We agreed with Van Dusen that the "the best reading of the law requires the district court to assess whether a [§] 1 exemption applies before ordering arbitration." *Id*. at 846. This determination resolved the underlying legal question. However, we concluded that the district court did not clearly err because of "the lack of controlling precedent," which "render[ed] the question relatively close." *Id.* The petition was denied. *Id*.

Following *Van Dusen I*, Van Dusen moved for reconsideration of the order compelling arbitration, or, in the alternative, to certify an interlocutory appeal. The district court denied the portion of the motion requesting reconsideration, noting that it "continue[d] to believe its original opinion" referring the § 1 inquiry to an arbitrator was "correct, particularly in light of the fact that the parties agreed to arbitrate questions of arbitrability." The district court then certified an interlocutory appeal.

On appeal, we clarified that the district court—not an arbitrator—must decide the § 1 issue. *Van Dusen v. Swift Transp. Co.*, 544 F. App'x 724 (9th Cir. 2013) ("*Van Dusen II*"). We concluded that the position in *Van Dusen I* was law of the case and binding on the district court. *Id*. at 724. We remanded with instructions to "determine whether the Contractor Agreements between each appellant and Swift are exempt under § 1 of the FAA before . . . consider[ing] Swift's motion to compel." *Id*. Swift petitioned the Supreme Court

for a writ of certiorari and was denied. *Swift Transp. Co. v. Van Dusen*, 134 S.Ct. 2819 (2014).

The district court then set out to determine the § 1 exemption issue. It issued a scheduling order for discovery and a trial to "determin[e] issues relating to plaintiffs' status as employees or independent contractors." Swift moved for an order to stay proceedings, including discovery, and for an order setting a briefing schedule to determine the § 1 issue without resort to discovery and trial.[1] The court denied Swift's motion. It also concluded that the order was not immediately appealable. This interlocutory appeal followed.

II

Pursuant to 28 U.S.C. § 1291, we only have appellate jurisdiction over "final decisions" of district courts. *Id.* Thus, with certain exceptions, we lack appellate jurisdiction over interlocutory appeals from orders of the district court issued before final judgment. *Johnson v. Jones*, 515 U.S. 304, 309 (1995). Congress, of course, may by statute invest us with jurisdiction over certain interlocutory orders. District courts may certify a decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or certify a summary judgment order as final under Fed. R. Civ P. 54(b).

The Supreme Court has also confirmed our appellate jurisdiction over "a small category of decisions that, although they do not end the litigation, must nonetheless be considered

---

[1] Swift fashioned its motion as a "Motion to Determine Appropriate Standard for Resolution of the Section 1 Exemption Issue." The motion requested that the district court "set a briefing schedule to determine the section 1 exemption without resort to merits discovery and two trials."

'final.'" *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42 (1995). This "collateral order doctrine" is a "practical construction" of the concept of finality in 28 U.S.C. § 1291. *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). "That small category includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Swint*, 514 U.S. at 42 (citing *Cohen*, 337 U.S. at 546). In turn, we have given the concept of "finality" the following practical construction: "A ruling is final for purposes of § 1291 if it (1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter." *Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997) (internal quotation marks omitted).

Here, we are presented with an interlocutory appeal from a scheduling and case management order. The order was not "a full adjudication of the issues," nor did it "clearly evidence[] the judge's intention that it be the court's final act in the matter." *Id.* The order was not "conclusive"; it did not "resolve important questions separate from the merits"; nor did it involve a decision "that [is] effectively unreviewable on appeal from the final judgment in the underlying action." *Swint*, 514 U.S. at 42. Much to the contrary, it was a routine order following remand from this Court establishing a procedure for pre-discovery disclosure, and a schedule for discovery, the filing of dispositive and nondispositive motions, and a trial, if necessary. Thus, it does not fall within that "small category" of orders subject to interlocutory review under the collateral order doctrine.

The district court did not certify the order for appeal. Consequently, we are confronted with the remaining question of whether Congress has by statute created an exception to 28 U.S.C. § 1291, and vested us with appellate jurisdiction over this type of order.

Congress has, to be sure, granted us appellate jurisdiction over an order denying a petition to compel arbitration. 9 U.S.C. § 16(a)(1)(B). However, the district court order did not deny the petition to compel arbitration; it simply established a case management plan for resolution of the § 1 exemption issue at a later date. We therefore lack appellate jurisdiction under 9 U.S.C. § 16(a)(1)(B).

Swift argues that the district court's scheduling order "has the practical effect of denying a motion to compel," giving rise to jurisdiction. Swift's argument is that discovery and trial will cause the district court to make determinations on merits issues in the underlying dispute. These determinations, Swift claims, will have a preclusive effect on an arbitrator if the case is ultimately sent to arbitration. As a result, Swift argues, resolution on briefing alone is less hostile to arbitration. And because the FAA favors arbitration, the district court must use briefing to decide the § 1 issue. So when the district court denied Swift's motion proposing briefing, Swift says, it effectively denied a motion to compel arbitration—giving rise to jurisdiction under 9 U.S.C. § 16(a)(1)(B).

This argument is unpersuasive. First, the district court has expressly deferred making a decision on the motion to compel arbitration. One cannot construe a case management order designed to lead to a decision on a motion to compel arbitration as a decision to deny the motion. The district

court was simply establishing a decision-making mechanism, not deciding the question on the merits.

Second, the text of the provision that Swift relies on is plain: "[a]n appeal may be taken from . . . an order . . . denying a petition under section 4 of this title to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(B). In this case, there was no order denying a petition to compel arbitration. Jurisdiction does not obtain under the statute.

Third, we have never recognized an "effective denial" theory that supplements appellate jurisdiction under 9 U.S.C. § 16. We interpret the text of FAA, including § 16, according to its ordinary meaning. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000) (interpreting term in § 16 of the FAA according to its "ordinary meaning" where not otherwise defined (citing *Evans v. United States*, 504 U.S. 255, 259–60 (1992)). In so doing, we do not add to the jurisdictional provisions set forth by Congress. It is well established that "statutes authorizing appeals are to be strictly construed." *Office of Sen. Mark Dayton v. Hanson*, 550 U.S. 511, 515 (2007) (quoting *Perry Educ. Ass'n. v. Perry Local Educators' Assn.*, 460 U.S. 37, 43 (1983)); *Stoneridge Inv. Partners, LLC v. Sci.-Atlanta*, 552 U.S. 148, 164 (2008) (it is an "established principle that the jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation" (quoting *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17 (1951)) (internal quotations omitted)). We cannot expand the scope of § 16(a)(1)(B) to embrace an "effective denial" theory based on an unrelated order.

Fourth, Swift identifies no case in which a federal court of appeal assumes § 16(a)(1)(B) jurisdiction without an order denying a petition to compel arbitration. In four of the five

cases Swift cites, the district court denied a motion to compel.[2]  Jurisdiction under § 16(a)(1)(B) makes sense in those cases.  In the fifth case, the district court ordered arbitration and the court of appeals assumed jurisdiction based on a separate provision of § 16.[3]  None of Swift's authorities support the proposition it advances today: that § 16(a)(1)(B) permits an appeal from a denial of a motion to compel, where no denial actually exists.

Fifth, an "effective denial" theory is inconsistent with the Supreme Court's decision in *Green Tree*, 531 U.S. 79.  *Green Tree* establishes that an order compelling arbitration and dismissing all of the claims before a district court may be

---

[2] *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1151 (9th Cir. 2004) ("The district court . . . order . . . specif[ied] that [party's] petition to compel arbitration before the NASD was denied"); *Microchip Tech. Inc. v. U.S. Philips Corp.*, 367 F.3d 1350, 1353 (Fed. Cir. 2004) ("The district court denied Philips' motion to compel arbitration"); *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 102 (3d Cir. 2000) ("Advent Funds then moved to compel arbitration under the FAA. The District Court refused . . . "); *Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 363 (7th Cir. 1999) ("the district court refused to compel arbitration" and "there is no doubt from the record that the district court denied the defendant's motion and clearly meant to foreclose arbitration").

[3] *Stedor Enterprises, Ltd. v. Armtex, Inc.*, 947 F.2d 727, 729 (4th Cir. 1991) ("the district court dismissed Stedor's complaint and ordered the parties to proceed with arbitration").  The Fourth Circuit determined that jurisdiction obtained under a separate provision, § 16(a)(3), which permits appeals following a final order.  And though *Stedor* contains the language that "an order that favors litigation over arbitration . . . is immediately appealable," *id.* at 730, the Supreme Court later rejected this argument in *Green Tree*, 531 at 86 (Noting, for example, that "[s]ection 16(a)(3) . . . preserves immediate appeal of any 'final decision with respect to an arbitration,' regardless of whether the decision is favorable or hostile to arbitration.").

appealed under § 16(a)(3).  *Id.* at 89.  Crucially, the Court clarified that appeals under the FAA are limited to the specific set of orders and decisions specified in § 16.  *Id.* at 84 ("Section 16 of the Federal Arbitration Act . . . governs appellate review of arbitration orders.").  The Court declined to adopt the view that, based on the FAA's policy, the Act permits the appeal of *any* interlocutory order hostile to arbitration, but prevents the appeal of interlocutory *any* order that favors it.  *Id*. at 86.  To the contrary, appeals under the Act are limited to those specified in § 16.

Swift makes essentially the same argument here that the Court rejected in *Green Tree*: that it may invoke the policy of the FAA to expand the scope of appellate jurisdiction in § 16. Not so, says *Green Tree*.  Review under § 16 is limited to those types of orders specified in plain text of that section.  A contrary result would be inconsistent with *Green Tree*'s statement that "[s]ection 16 . . . governs appellate review of arbitration orders," *id.* at 84, and with the prohibition against judicial expansion of statutory grants of appellate jurisdiction.

Following *Green Tree*, other circuits have affirmed that the scope of 9 U.S.C. § 16 is confined to the specific, limited set of orders set forth in the statute.  The Tenth Circuit has concluded that "9 U.S.C. § 16 directs us to exercise jurisdiction only over a specific set of orders."  *Grosvenor v. Qwest Corp.*, 733 F.3d 990, 999 (10th Cir. 2013).  In that case, the court concluded that a district court's decision to go to trial on a formation issue under § 4 of the FAA "cannot mean that every subsequent order is immediately appealable." *Id*.  The Tenth Circuit has also rejected the view that § 16 jurisdiction arises from "all motions founded at least in part on arbitration agreements." *Conrad v. Phone Directories Co.*, 585 F.3d 1376, 1382 (10th Cir. 2009).  Instead, appellate

jurisdiction under § 16 only "encompass[es] motions brought explicitly pursuant to the FAA or those in which it is plainly apparent that the applicant seeks only arbitration." *Id.* The First Circuit reached a similar conclusion in *Campbell v. Gen. Dynamics Gov't Sys. Corp.*, 407 F.3d 546, 551 (1st Cir. 2005), where it held that because "[§] 16(a) clearly enumerates the types of orders covered by the FAA's various jurisdictional shelters," it is impermissible "to treat that provision as a general mechanism permitting the immediate appeal of *any* order hostile to arbitration." The D.C. Circuit has likewise rejected the argument that "any order hostile to arbitration may be immediately appealed" because such an interpretation "would significantly and improperly expand" the scope of 9 U.S.C. § 16. *Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, 333 F.3d 250, 254 (D.C. Cir. 2003).

We agree that appellate jurisdiction under 9 U.S.C. § 16(a) is confined to the types of orders that are specified in the statute. There is no "effective denial" principle through which a litigant can bootstrap its way into appellate jurisdiction. An actual order denying a petition to compel arbitration is required when a party invokes 9 U.S.C. § 16(a)(1)(B).

In sum, this is not an appeal from a "motion[] explicitly brought under the FAA or unmistakably invoking its remedies." *Conrad*, 585 F.3d at 1382. Swift instead seeks review of the district court's case management order. Because the district court did not "den[y] a petition . . . to order arbitration to proceed," there is no jurisdiction under 9 U.S.C. § 16(a)(1)(B).

Absent statutory authorization, district court certification, or application of the collateral doctrine, we lack appellate jurisdiction over the appeal and must dismiss it.[4]

**DISMISSED.**

---

IKUTA, Circuit Judge, concurring:

The majority has issued two separate opinions in this case.  This opinion holds that we lack jurisdiction to hear an interlocutory appeal from the district court's case management order.  I agree with this conclusion.

But the majority has issued a second opinion denying Swift's petition for a writ of mandamus, *see Van Dusen v. Swift*, No. 15-70592, — F.3d — (9th Cir. 2016), even though the district court has made repeated errors and is forcing Swift to litigate a matter that it may be entitled to arbitrate.  For the reasons explained in my dissent to that opinion, I would hold that the extraordinary remedy of mandamus is warranted in this case.

---

[4] The motions for judicial notice of the existence of various district court documents are **GRANTED**.  *See* Docket Nos. 26, 37, 40.