RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0044p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re: MICHAEL CORRIN,

*Debtor*.

_____

STATE OF TENNESSEE,

*Intervenor-Appellant* (16-5717),

Nos. 16-5717/5719

METROPOLITAN GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY,

*Creditor-Appellant* (16-5719),

*v.*

HENRY E. HILDEBRAND, III,

*Trustee-Appellee*,

MICHAEL CORRIN, personal representative for the Estate of Mildred Josephine Bratt, deceased,

*Appellee*.

Appeal from the United States Bankruptcy Court
for the Middle District of Tennessee at Nashville.
No. 14-05344—Randal S. Mashburn, Judge

Argued: January 26, 2017

Decided and Filed: February 23, 2017

Before: MERRITT, MOORE, and STRANCH, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Gill R. Geldreich, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellant Tennessee. R. Alex Dickerson, DEPARTMENT OF LAW OF THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY,

Nashville, Tennessee, for Metropolitan Government Appellant.  Tracy L. Schweitzer, OFFICE OF THE CHAPTER 13 TRUSTEE FOR THE MIDDLE DISTRICT OF TENNESSEE, Nashville, Tennessee, for Appellee Hildebrand.  Alexander S. Koval, ROTHSCHILD & AUSBROOKS, PLLC, Nashville, Tennessee, for Appellee Corrin.  **ON BRIEF:**  Gill R. Geldreich, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellant Tennessee.  R. Alex Dickerson, DEPARTMENT OF LAW OF THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, Nashville, Tennessee, for Metropolitan Government Appellant.  Henry E. Hildebrand, III, OFFICE OF THE CHAPTER 13 TRUSTEE FOR THE MIDDLE DISTRICT OF TENNESSEE, Nashville, Tennessee, for Appellee Hildebrand.  Mary Elizabeth Ausbrooks, ROTHSCHILD & AUSBROOKS, PLLC, Nashville, Tennessee, for Appellee Corrin.

---

**OPINION**

---

JANE B. STRANCH, Circuit Judge.  This bankruptcy case raises questions of statutory interpretation, federal preemption, and equal protection.  Mildred Bratt filed a Chapter 13 plan providing for 12% interest on overdue property taxes to which Metro Nashville objected, arguing that Tennessee law specifies 18% interest.  The bankruptcy court decided that the state law violated the Supremacy Clause.  The State of Tennessee intervened and the parties appealed.  The bankruptcy appellate panel (BAP) affirmed use of the 12% interest rate on different grounds, relying instead on interpretation of federal and state statutes and declining to address the constitutional arguments.  Likewise, we **AFFIRM** the bankruptcy court's approval of a plan using the 12% interest rate based on the language of the statutes at issue.

## I.  BACKGROUND

### A.    Factual History

Mildred Bratt, now deceased and represented by Michael Corrin, filed for Chapter 13 bankruptcy.  As part of her plan, she proposed paying overdue taxes to the Metro Government of Nashville, which held a lien on Bratt's real property.  The lien was oversecured, meaning there was more equity in the property than the total amount of $5,136.06 due at the time Nashville filed its claim.

The federal bankruptcy code (Code) specifies that the interest rate for tax claims should "enable a creditor to receive the present value of the allowed amount of a tax claim" and be "determined under applicable nonbankruptcy law." 11 U.S.C. § 511(a). The Code generally does not allow assessment of post-petition penalties. Tennessee law sets an interest rate of 12% per year for overdue taxes and adds a 6% per year penalty. Tenn. Code Ann. § 67-5-2010. In 2012, a Tennessee bankruptcy court held that only the post-petition interest and not the penalty portion could be collected for oversecured claims in bankruptcy proceedings. *In re Gift*, 469 B.R. 800, 810 (Bankr. M.D. Tenn. 2012). In response, the Tennessee legislature amended the law in 2014 to add subsection (d):

> For purposes of any claim in a bankruptcy proceeding pertaining to delinquent property taxes, the assessment of penalties pursuant to this section constitutes the assessment of interest.

Tenn. Code Ann. § 67-5-2010(d).

Bratt's representative argues that the amended law deeming penalties to be interest in a bankruptcy proceeding should not apply to his case and that the statutory 12% is the appropriate interest rate. Nashville and Tennessee argue that the Tennessee statute as amended properly directs application of an 18% interest rate in bankruptcy proceedings.

### B. Procedural History

We begin with a short summary of the procedural history to provide the framework for the parties' arguments to the bankruptcy court and the BAP as well as the rationale of each court's decision. The specifics of these arguments and rationales are contained in the analysis section below.

The bankruptcy court confirmed Bratt's Chapter 13 plan, which all of the parties had agreed to, but reserved the issue of the appropriate interest rate for the overdue property taxes. The parties, including the State of Tennessee as an intervenor, briefed the issue of Tennessee's amended statute and its applicability to the case. The bankruptcy court held that subsection (d) of the Tennessee statute violated the Supremacy Clause of the Constitution because of conflict preemption with the federal Code policy of not allowing post-petition penalties. *In re Bratt*,

527 B.R. 303, 314 (Bankr. M.D. Tenn. 2015).  During that proceeding, Tennessee admitted that an interest rate of 18% exceeded what would be required to maintain the present value of the tax claim, *id.*, even though § 511 allows for the collection of interest to "enable a creditor to receive the present value . . . of a tax claim,"  11 U.S.C. § 511(a).  The bankruptcy court held that Tennessee's amendment attempting to reclassify the penalty as interest did not change the punitive nature of the extra 6% that was evident from the language and history of the statute. Tennessee and Nashville appealed to the BAP.

Following argument, the BAP affirmed the bankruptcy court's determination that 12% was the appropriate interest rate, but rested its holding on different grounds.  *In re Bratt*, 549 B.R. 462, 468-69 (BAP 6th Cir. 2016).  The BAP held that the language of Tenn. Code Ann. § 67-5-2010(d) specifying that a statutory penalty becomes an "assessment of interest" only in bankruptcy proceedings makes it a bankruptcy law.  Therefore, subsection (d) is not a "nonbankruptcy law" and is not applicable for determining the interest rate under § 511(a) of the bankruptcy code.  Neither the BAP nor the bankruptcy court addressed the additional argument that subsection (d) violates the Equal Protection Clause of the Constitution because it treats debtors in bankruptcy differently than other debtors.  The State of Tennessee (Case No. 16-5717) and Nashville (16-5719) appealed the decision of the BAP.  Bratt's personal representative, Michael Corrin, and the Chapter 13 trustee have both filed briefing as appellees.

## II. ANALYSIS

### A. Jurisdiction and Standard of Review

We have jurisdiction under 28 U.S.C. § 158(d)(1) over appeals coming from the bankruptcy appellate panel.  We focus our review on the bankruptcy court's decision, not that of the BAP.  *Richardson v. Schafer (In re Schafer)*, 689 F.3d 601, 605 (6th Cir. 2012).  Findings of fact are reviewed for clear error and conclusions of law are reviewed de novo.  *Id.*

**B.      Tennessee Tax Statute as Bankruptcy Law**

The bankruptcy code authorizes interest to be paid on oversecured claims.  11 U.S.C. § 506(b).  Section 511 explains how to determine the appropriate interest rate:

> If any provision of this title requires the payment of interest on a tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of a tax claim, the rate of interest shall be the rate determined under applicable nonbankruptcy law.

11 U.S.C. § 511(a).

In this case, the central question of interpretation is whether Tennessee's statute qualifies as an "applicable nonbankruptcy law."  The current Tennessee statute says:

> (a)(1)   To the amount of tax due and payable, a penalty of one-half of one percent (0.5%) and interest of one percent (1%) shall be added on March 1, following the tax due date and on the first day of each succeeding month.
>
> . . .
>
> (d)      For purposes of any claim in a bankruptcy proceeding pertaining to delinquent property taxes, the assessment of penalties pursuant to this section constitutes the assessment of interest.

Tenn. Code Ann. § 67-5-2010.

When interpreting a statute, a court begins with the language of the statute and examines the plain meaning of its words.  *Deutsche Bank Nat'l Trust Co. v. Tucker*, 621 F.3d 460, 462–63 (6th Cir. 2010).  If the language of the statute is clear, the court applies the statute as written. *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004).  When the language is ambiguous or leads to an absurd result, the court may look at the legislative history of the statute to help determine the meaning of the language.  *Chrysler Corp. v. Comm'r*, 436 F.3d 644, 654 (6th Cir. 2006).

All parties claim that the plain meaning of Tennessee's statutory language supports their arguments.  Corrin and the Chapter 13 trustee argue that subsection (d) of the statute qualifies as a bankruptcy law because it applies only to bankruptcy cases.  If it is a bankruptcy law, subsection (d) does not qualify as "applicable nonbankruptcy law" and cannot be used to determine the appropriate interest rate under § 511(a) of the Code.  The BAP read the statute this

way. *In re Bratt*, 549 B.R. at 468.  In support of this reading, the appellate panel looked to Sixth Circuit precedent that noted "state and federal legislatures share concurrent authority to promulgate bankruptcy laws . . . ." *In re Schafer*, 689 F.3d at 606 (quoting *Rhodes v. Stewart*, 705 F.2d 159, 163 (6th Cir. 1983)).  In *Schafer*, we acknowledged this state legislative authority and held that a Michigan bankruptcy-specific exemption statute was constitutional and not preempted by federal law.

In a case involving subordination clauses, the First Circuit looked at the phrase "applicable nonbankruptcy law," as used in § 510, the preceding section of the Code.  *HSBC Bank USA v. Branch (In re Bank of New England Corp.)*, 364 F.3d 355 (1st Cir. 2004).  The First Circuit stated that:

> Congress has conferred on federal courts the power to apply any and all generally applicable state rules of contract interpretation in construing subordination agreements.  But section 510(a) does not vest in the states any power to make bankruptcy-specific rules: the statute's clear directive for the use of applicable *nonbankruptcy* law leaves no room for state legislatures or state courts to create special rules pertaining strictly and solely to bankruptcy matters.

*HSBC Bank*, 364 F.3d at 364 (emphasis in original).  Under this interpretation, Congress authorized states to pass laws applicable in bankruptcy proceedings as long as those laws are generally applicable, not specifically targeted at bankruptcy proceedings.

Both sides in this case cite the legislative history as supporting their argument, either as "not conflicting" with their interpretation or "not offering support for" the other side's interpretation.  Section 511 was added to the Code as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.  The House Report set out that the section was amended "for the purpose of simplifying the interest rate calculation."  H.R. Rep. No. 109-31, at 101 (2005).  Prior to this amendment, bankruptcy courts determined interest rates on a case-by-case basis using equitable factors.  But the legislative history fails to shed clear light on the term "applicable nonbankruptcy law."

We find that the appropriate way to read "applicable nonbankruptcy law" is as referring to any law that is not aimed solely at bankruptcy proceedings.  The language of the Bankruptcy Code indicates Congress was granting authority to states to set generally applicable interest rates,

but not interest rates specific to bankruptcy proceedings. The doctrine of constitutional avoidance supports this interpretation of the Code because the alternative interpretation raises "constitutional difficulties," *Office of Sen. Mark Dayton v. Hanson*, 550 U.S. 511, 514 (2007), as discussed by the bankruptcy court below, *In re Bratt*, 527 B.R. 303 (Bankr. M.D. Tenn. 2015). A content-restrictive reading of "nonbankruptcy law" is supported by our holding that states have the concurrent authority to pass bankruptcy laws. *In re Schafer*, 689 F.3d at 606.

Nashville and Tennessee argue that the plain language of "nonbankruptcy law" in § 511 of the Code should instead be read to mean any law outside the Code. This interpretation was the preferred reading of the bankruptcy court below. The bankruptcy court cited *In re Fowler*, 493 B.R. 148 (Bankr. E.D. Cal. 2012), a case that upheld use of a similar tax statute in California. The *Fowler* court concluded that an interpretation with a clear line—either in the Bankruptcy Code or not—did a better job of furthering Congress's intent to simplify determination of interest rates in bankruptcy proceedings. *Id.* at 155–56. While such a bright line rule may lend initial clarity, it can also lead right back to the underlying issue—the relationship between the Code and state law—necessitating constitutional analysis. Our analysis instead begins with the Code. Congress easily could have drafted § 511 to say that the interest rate shall be determined by "laws outside this title" or simply said "laws outside the Bankruptcy Code" if it wanted to refer to laws outside the Code. The language chosen by Congress instead focuses on the content of the relevant law and thereby avoids unnecessary adjudication of constitutional issues. *See Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (Brandeis, J., concurring).

We therefore agree with the BAP that the appropriate interest rate as set out in the nonbankruptcy law of Tenn. Code Ann. § 67-5-2010(a)(1) is 12%. The added 6% penalty is not applicable in this bankruptcy case.

## C.    Preemption and Equal Protection

Based on our statutory interpretation, Tenn. Code Ann. § 67-5-2010(d) is not applicable in this case because it is not a "nonbankruptcy law" as that term is used in § 511(a).

We therefore decline to reach the constitutional questions concerning whether the law violates the Supremacy or Equal Protection Clauses of the Constitution.

### III. CONCLUSION

Based on the language of the statutes at issue in this case, we **AFFIRM** the bankruptcy court's approval of a Chapter 13 plan with a 12% interest rate for delinquent property taxes. Tenn. Code Ann. § 67-5-2010(d) is not an "applicable nonbankruptcy law" as that term is used in § 511(a) because the law is targeted at bankruptcy proceedings, not a law of general applicability. Subsection (a) of that law that sets a 12% interest rate—without the added 6% penalty—therefore governs the interest rate Metro Nashville can charge for overdue property taxes in this bankruptcy case. We affirm the judgment of the bankruptcy court that approved a Chapter 13 plan using a 12% interest rate for overdue property taxes.