CLAY, Circuit Judge, dissenting.
I agree with the majority that this case turns on a decision "affect[ing] the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans" and therefore 38 U.S.C. § 511(a) divested the district court of subject-matter jurisdiction. I write separately, however, because I believe the district court was required to remand the case upon concluding that it lacked jurisdiction. The removal statute's language is clear: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded ." 28 U.S.C. § 1447(c) (emphasis added). The statute nowhere gives district courts judicial authority to peer into the state court's own asserted basis for jurisdiction. The majority asserts that § 1447(c)"plainly assumes that the state court actually has jurisdiction to decide the case." To the contrary, that assumption has no basis in the text of the statute, itself; it says simply "the case shall be remanded. " True enough, the statute provides that after remand "[t]he State court may thereupon proceed with such case," id. , but part of those proceedings will be (as in every case) for the state court to determine whether it has jurisdiction over the action. And although the majority says that remand in this case would be "pointless," the Supreme Court has expressed reservations about applying a "futility exception" to § 1447(c) :
We also take note ... of the literal words of § 1447(c), which, on their face, give ... no discretion to dismiss rather than remand an action.... The statute declares that, where subject matter jurisdiction is lacking, the removed case "shall be remanded." 28 U.S.C. § 1447(c) (emphasis added). We therefore reverse the decision of the Court of Appeals and remand the case to the District Court with instructions that the case be remanded to the Civil District Court for the Parish of Orleans, Louisiana.
Int'l Primate Prot. League v. Admins. of Tulane Educ. Fund , 500 U.S. 72, 89, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991) (quotation marks and citation omitted).
The plain language of the statute is clear; indeed, it could not be clearer. And "[i]f the language of the statute is clear, *437 the court applies the statute as written." In re Corrin , 849 F.3d 653, 657 (6th Cir. 2017). Because this Court may reach the same conclusion as the district court for reasons different from those given by the district court, I would affirm on the alternative ground that the district court was required to remand because § 511(a) divested it of jurisdiction. See Soehnlen v. Fleet Owners Ins. Fund. , 844 F.3d 576, 586 n.5 (6th Cir. 2016).