**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1461
_____

TOMMY COLEMAN; JASON PERKINS

v.

SYSTEM ONE HOLDINGS, LLC,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:21-cv-01331)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 29, 2024
_____

Before:  CHAGARES, <u>Chief</u> Judge, RESTREPO and
FREEMAN, <u>Circuit</u> <u>Judges</u>

(Filed: August 30, 2024)
_____

Taylor Brailey
Robert W. Pritchard
Littler Mendelson
One PPG Place
Suite 2400
Pittsburgh, PA 15222

      Counsel for Appellant

Richard J. Burch
Bruckner Burch
11 Greenway Plaza
Suite 3025
Houston, TX 77046

Lindsay I. Reimer
Andrew W. Dunlap
Josephson Dunlap
11 Greenway Plaza
Suite 3050
Houston, TX 77046

      Counsel for Appellees

_____

OPINION OF THE COURT
_____

CHAGARES, Chief Judge.

This case presents the question of whether we have jurisdiction over an interlocutory appeal taken from a district court order that requires the parties to conduct limited

discovery into the arbitrability of the claims asserted, but that leaves pending a motion to compel arbitration and to stay litigation rather than denying it. We hold that we lack appellate jurisdiction in such circumstances, and we will therefore dismiss this appeal.

I.[1]

Plaintiffs Tommy Coleman and Jason Perkins worked as oil and gas pipeline inspectors for defendant System One Holdings, LLC ("System One"). System One paid the plaintiffs a flat daily rate for each day worked rather than paying them an annual salary or an hourly wage, and it did not pay them additional amounts as overtime even when they worked more than forty hours in a single week. They claim that this failure to pay overtime violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq., and they seek to recover unpaid overtime on behalf of themselves and a putative class consisting of all System One pipeline inspectors who were similarly compensated.

The plaintiffs filed this lawsuit alleging one count of failure to pay overtime in violation of the FLSA. After they amended their complaint to assert their claim on behalf of the putative class and to add class action allegations, System One moved to dismiss and to compel arbitration. It argued that Coleman and Perkins had each signed an agreement to arbitrate the claims asserted in this case and that the agreement to arbitrate is enforceable under the Federal Arbitration Act

---

[1] We draw these background facts, which are not material to our jurisdictional analysis, from the allegations in the amended complaint.

("FAA"), 9 U.S.C. § 1 et seq.  The plaintiffs opposed System One's motion by arguing that as pipeline inspectors, they fall within the transportation workers' exception to the FAA, see id. § 1, which "exempts from the FAA . . . contracts of employment of transportation workers," Cir. City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001).

Under our decision in Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764 (3d Cir. 2013), if "the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability." Id. at 776 (quotation marks omitted). The district court then must "judg[e] the motion under a summary judgment standard" once that limited discovery has been completed.  Id.

After System One's motion had been fully briefed, the District Court issued an order (the "Discovery Order") holding that the plaintiffs' invocation of the transportation workers' exemption was supported by "additional facts sufficient to place the parties' Agreements to Arbitrate in issue."  Joint Appendix ("JA") 4.  It therefore "grant[ed] the parties a 30-day period to engage in discovery, limited solely to the issue of the arbitrability of Plaintiffs' FLSA claims."  Id.  And it explained that following the close of limited discovery, it would "promptly decide [System One's] Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Further Judicial Proceedings, under a summary judgment standard."  JA 5 (quotation marks omitted).  System One moved for reconsideration, arguing that the District Court erred by ordering discovery into arbitrability without first considering whether state law required the plaintiffs' claims to be

4

arbitrated. The District Court denied the motion for reconsideration (the "Reconsideration Order"). System One filed a notice of appeal challenging both the Discovery Order and the Reconsideration Order.

## II.

The District Court had jurisdiction over the plaintiffs' FLSA claims under 28 U.S.C. § 1331. "We have jurisdiction to review our own jurisdiction when it is in doubt." LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 222 (3d Cir. 2007).

We generally "have jurisdiction over only the 'final decisions' of district courts." Bacon v. Avis Budget Grp., Inc., 959 F.3d 590, 597 (3d Cir. 2020) (quoting 28 U.S.C. § 1291). But the "FAA sets forth an exception to the final decision rule." Id. It permits interlocutory appeals to be taken from a variety of non-final orders, including those "refusing a stay of any action under section 3 of [title 9]," 9 U.S.C. § 16(a)(1)(A), or "denying a petition under section 4 of [title 9] to order arbitration to proceed," id. § 16(a)(1)(B).[2] We therefore

---

[2] The FAA additionally permits interlocutory appeals from orders "denying an application under section 206 of [title 9] to compel arbitration," 9 U.S.C. § 16(a)(1)(C), "confirming or denying confirmation of an award or partial award," id. § 16(a)(1)(D), or "modifying, correcting, or vacating an award," id. § 16(a)(1)(E). No colorable arguments exist that any of these provisions grant us jurisdiction over this appeal. The latter two could apply only if the Discovery Order or Reconsideration Order confirmed, denied confirmation of, modified, corrected, or vacated an arbitral award, but

consider whether either provision applies to the Discovery Order or the Reconsideration Order, bearing in mind the Supreme Court's instruction that "statutes authorizing appeals are to be strictly construed." Off. of Senator Mark Dayton v. Hanson, 550 U.S. 511, 515 (2007) (quoting Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 43 (1983)).

System One concedes that the District Court did not formally deny its motion to compel arbitration and stay further judicial proceedings. See System One Br. 11 ("[The Discovery Order] suspended resolution of System One's motion . . . ." (emphasis added)). This concession is plainly confirmed by the record: rather than denying that motion, the Discovery Order expressed the District Court's intention to "promptly decide Defendant's Motion" following the completion of limited discovery and the submission of supplemental briefing.

---

arbitration in this dispute has not even begun. And the first provision does not apply because System One's application to compel arbitration does not arise under section 206. That section applies only when a court's jurisdiction arises "under this chapter." Id. § 206. Jurisdiction exists under that chapter, in turn, over "[a]n action or proceeding falling under the Convention," id. § 203, referring to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, id. § 201. That convention does not apply to arbitration agreements or awards arising out of a relationship between United States citizens that does not involve property located abroad, performance or enforcement abroad, or "some other reasonable relation with one or more foreign states." Id. § 202. Because the relationship between the plaintiffs and System One involves no foreign nexus, System One's motion to compel arbitration did not arise under 9 U.S.C. § 206.

6

JA 5 (quotation marks omitted).[3] Furthermore, as the Reconsideration Order merely declined to vacate the Discovery Order, JA 9-10, it did not deny System One's motion either. The FAA's grant of jurisdiction over appeals taken from district court orders "denying a petition under section 4 of [title 9] to order arbitration to proceed," 9 U.S.C. § 16(a)(1)(B), therefore does not apply to this case.

System One correctly notes, however, that while the Discovery Order did not resolve its request to compel arbitration, it did "direct[] the parties to engage in further litigation in court" by requiring limited discovery and

---

[3] This case thus differs from the two decisions primarily relied upon by System One, which each asserted jurisdiction over an appeal taken from a district court order that did formally deny a motion to compel arbitration. See Bacon, 959 F.3d at 598-99 ("[T]he language and substance of Defendants' motion and the Court's order show that Defendants sought an order compelling arbitration, and the Court denied that request." (emphasis added)), aff'g 357 F. Supp. 3d 401, 432 (D.N.J. 2018) ("For the foregoing reasons, the defendants' motion for summary judgment to compel arbitration (DE 81) is **DENIED** as presented. The plaintiffs' cross motion for summary judgment denying arbitration (DE 93) is **GRANTED IN PART** and **DENIED IN PART**."); Sandvik AB v. Advent Int'l Corp., 220 F.3d 99, 102 (3d Cir. 2000) ("[T]he District Court entered an order denying Advent's motion to compel." (emphasis added)), aff'g 83 F. Supp. 2d 442, 450 (D. Del. 1999) ("For the reasons stated above, defendants' motions to compel arbitration; to dismiss claims under Rules 12(b)(6) or 9(b); to stay the action; or to dismiss the claims on grounds of forum non conveniens, are denied.").

supplemental briefing on the arbitrability of the plaintiffs' FLSA claims. System One Br. 11. System One thus argues that "[t]he Discovery Order is effectively an order refusing a stay and is therefore appealable under § 16(a)(1) of the FAA."[4] Id. at 12. We disagree.

[4] By arguing that the Discovery Order "effectively" refused a stay, System One suggests that certain interlocutory orders may be immediately appealable under the FAA, though they do not technically fall within any of its enumerated bases for jurisdiction, so long as they are equivalent in effect to orders that do. Many of our sister Courts of Appeals have resisted attempts to expand appellate jurisdiction under the FAA in this manner. See, e.g., Van Dusen v. Swift Transp. Co., 830 F.3d 893, 898-99 (9th Cir. 2016) ("Review under § 16 is limited to those types of orders specified in plain text of that section."); Grosvenor v. Qwest Corp., 733 F.3d 990, 999 (10th Cir. 2013) ("9 U.S.C. § 16 directs us to exercise jurisdiction only over a specific set of orders."); Campbell v. Gen. Dynamics Gov't Sys. Corp., 407 F.3d 546, 551 (1st Cir. 2005) ("Since section 16(a) clearly enumerates the types of orders covered by the FAA's various jurisdictional shelters, we decline to treat that provision as a general mechanism permitting the immediate appeal of *any* order hostile to arbitration."); Bombadier Corp. v. Nat'l R.R. Passenger Corp., 333 F.3d 250, 254 (D.C. Cir. 2003) (disagreeing with the position "that any order hostile to arbitration may be immediately appealed, even if the type of order is not enumerated in Section 16"). The Court of Appeals for the Eighth Circuit, however, has accepted the argument made by System One here, holding that an order requiring the parties to conduct discovery on arbitrability while a motion to compel arbitration remained pending "was an order 'refusing a stay' and directing that the litigation proceed, and was thus

8

The FAA permits appeals to be taken from refusals of a stay "under section 3 of this title" — not from all refusals to stay an action.  9 U.S.C. § 16(a)(1)(B).  We have emphasized in other contexts that the mandatory stay arising under section 3 of the FAA is of limited scope.  Some stays that might be entered in a case involving arbitration arise instead from other sources of law.  For example, a "mandatory stay pending arbitration under Section 3 of the FAA" applies only to a "party [that has] committed itself to arbitrate one or more issues in suit," Mendez v. Puerto Rican Int'l Cos., Inc., 553 F.3d 709, 715 (3d Cir. 2009), while a "stay [of] litigation among the non-arbitrating parties pending the outcome of the arbitration" is instead "a matter of [the district court's] discretion to control its docket," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 20 n.23 (1983).  A refusal to stay limited discovery into arbitrability would be immediately appealable only if such a stay would have arisen under section 3, had it been issued.  We thus examine whether limited discovery into arbitrability pursuant to the Discovery Order would fall within the scope of the mandatory stay required under that section.

Section 3 provides in full:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which

appealable under § 16(a)."  Madol v. Dan Nelson Auto. Grp., 372 F.3d 997, 999 (8th Cir. 2004).  But that court neither noted that a stay must arise "under section 3 of this title" to be immediately appealable, nor applied section 3 to the facts before it, see id., as we do infra.

9

such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. By its terms, this provision requires the district court only to "stay the trial of the action," id. (emphasis added), not to stay all further litigation of any sort. System One correctly notes that the Discovery Order required the parties to engage in "court-supervised discovery and briefing." System One Br. 11. But the specific court-supervised discovery and briefing required by the Discovery Order must form part of "the trial of the action" if the order is to amount to the effective refusal to grant a stay under section 3.

We hold that a stay of the limited discovery into arbitrability required by Guidotti would not arise under section 3. Most naturally, "the action" is understood to refer back to the "suit or proceeding . . . upon any issue referable to arbitration" mentioned earlier in the same section. 9 U.S.C. § 3. The plaintiffs' claims that System One violated the FLSA, which System One argues must be arbitrated, supply such an issue in this case. But the limited discovery and supplemental briefing required by the Discovery Order did not constitute the trial of an action upon that issue, as they would not address the substance of whether System One violated the FLSA. They instead addressed the antecedent and collateral question of

10

which forum is proper to resolve those substantive questions.[5] Furthermore, section 3 itself provides that a district court should not "stay the trial of the action" until <u>after</u> it is "satisfied that the issue involved in such suit or proceeding is referable to arbitration," indicating that "the trial of the action" to be stayed does not encompass prior proceedings aimed at resolving the question of arbitrability. <u>Id.</u>

Because "the trial of the action" does not encompass such prior proceedings, the Discovery Order did not refuse to

---

[5] Our holding depends on the fact that System One has not argued that the parties agreed to arbitrate the question of arbitrability; instead, in its motion to compel arbitration it expressly asked the District Court to determine that the plaintiffs' claims are arbitrable. <u>E.g.</u>, JA 12-13. A different analysis would be required had the parties agreed to arbitrate arbitrability, as in those circumstances the question of arbitrability under <u>Guidotti</u> would itself constitute an "issue referable to arbitration." 9 U.S.C. § 3. We note, however, that even in such circumstances a role remains for the district court, which cannot compel parties to arbitrate any dispute, including one over the arbitrability of the plaintiff's claims, unless it determines that they have contractually agreed to do so. <u>See</u> 9 U.S.C. § 4 ("[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration . . . ."); <u>Field Intel. Inc v. Xylem Dewatering Sols. Inc</u>, 49 F.4th 351, 356 (3d Cir. 2022) (holding, in the context of a dispute over whether the court properly decided the arbitrability of a contract, that "before sending parties to an arbitrator, a court must decide whether they agreed to resolve their dispute in that forum").

11

grant a stay under section 3, effectively or formally, in requiring the parties to litigate arbitrability alone.[6] Neither did the Reconsideration Order, which merely declined to vacate the Discovery Order. The FAA's grant of jurisdiction over appeals taken from district court orders "refusing a stay of any action under section 3 of [title 9]," id. § 16(a)(1)(A), therefore does not apply to this case. Cf. Cont'l Cas. Co. v. Staffing Concepts, Inc., 538 F.3d 577, 580-81 (7th Cir. 2008) (holding that the FAA does not grant jurisdiction over an appeal taken from an order that defers consideration of a stay pending arbitration until after the district court has resolved threshold questions of personal jurisdiction and venue, so long as discovery into the merits has not begun).

\* \* \* \* \*

Although federal law permits interlocutory appeals more freely in the context of arbitration than elsewhere, that permission extends only to appeals taken from the types of orders enumerated in the FAA. As with all sources of appellate jurisdiction, we must construe that statute strictly. See Off. of Senator Mark Dayton, 550 U.S. at 515. A district court order

---

[6] We have already held that a district court does refuse to grant a stay under section 3 by ordering proceedings to resolve the substance of a plaintiff's claims — proceedings unlike the limited discovery and supplemental briefing required by the Discovery Order in this case. See Corpman v. Prudential-Bache Sec., Inc., 907 F.2d 29, 30 (3d Cir. 1990) (per curiam) (holding that "an order vacating the stay and reinstating the case on [the district court's] trial calendar . . . is in essence an order refusing to stay an action under section 3 of the Federal Arbitration Act").

12

requiring the parties to conduct limited discovery into arbitrability pursuant to Guidotti does not deny a motion to compel arbitration under 9 U.S.C. § 4 if it merely leaves such a motion pending until that limited discovery is complete. And such an order does not refuse a stay under 9 U.S.C. § 3, as such stays apply to proceedings upon an arbitrable issue, not proceedings upon the antecedent question of whether an issue is arbitrable. We therefore hold that we lack jurisdiction under the FAA over appeals taken from such orders.[7]

---

[7] System One argues in the alternative that we may reach the merits of its appeal by treating it as a petition for mandamus. But even were we to do so, we would deny the petition. Mandamus is "a drastic remedy that a court should grant only in extraordinary circumstances," In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006) (quotation marks omitted), and "petitioners seeking extraordinary writs" have a "general duty . . . to show that alternative means of appeal are inadequate," In re Sch. Asbestos Litig., 977 F.2d 764, 774 (3d Cir. 1992). Consequently, "[w]here interlocutory appeal [under section 1292(b)] seems a practical but untried avenue, we will ordinarily deny a petition for mandamus." Id. System One has not asked the district court to certify an interlocutory appeal. And the only reason it proffers for why that avenue would be impractical is that such a request would have been futile once the District Court denied its motion for reconsideration. But the District Court's holding that "the [Discovery Order] need not be vacated, as Defendant contends, to correct a clear error of law," JA 9-10 (emphasis added), does not establish the futility of seeking certification based on "substantial ground for difference of opinion" as to a "question of law," 28 U.S.C. § 1292(b).

13

### III.

For the forgoing reasons, we will dismiss this appeal for lack of jurisdiction.